Dear Mayor Michel and Chairperson Lemoine:
You have requested a legal opinion from our office regarding several questions you have concerning the Marksville Civil Service board. You verified for us that the city of Marksville has a population of less than 7,000 and operates under a special legislative charter that dates back to a time prior to the War Between the States. You also sent us a copy of Act 33 of the 1975 Regular Session of the Louisiana Legislature, which enactment was a special and local act establishing a civil service board for the city of Marksville.
The legislature may enact statutes providing for civil service boards for municipalities in Louisiana. Generally, it may do so by general law applying, more or less, to every municipality statewide which fits the objective criteria of applicability spelled out in the general statute or by special law applying only by name to the particular municipality in question, especially where the municipality does not have a "home rule charter." The legislature has indeed provided by general laws for civil service boards for municipalities, but by the very terms and provisions of these general laws, they do not apply to municipalities with less than 7,000 population. Our search for general laws which provide for civil service boards for municipalities with less than 7,000 population has rendered negative results. Hence, it appears that Act 33 of 1975, a copy of which you forwarded to us, is the extant special law enacted by the legislature providing for the civil service board for the city of Marksville. Because we have written opinions about them in the past [copies of two of these opinions are enclosed], we are aware that a couple of other municipalities, too, have special laws providing for their respective civil service boards.
Specifically, you first ask whether legislative approval is necessary to make changes to your board. If the change you desire to make is in conflict with a provision of the Act 33 of 1975, such as a nomination from the Junior Chamber of Commerce (which you say no longer functions within the city of Marksville) of a person for appointment as a member of the board, then, ordinarily, you must go to the legislature to urge it to change the provision in Act 33 of 1975 to accomplish your end. Here, Section 3(C) of Act 33 of 1975 provides as follows:
 "C. The members of the board shall be appointed during the sixty day period immediately following the effective date of this Act from that of twenty nominees which shall be furnished within thirty days after receiving such request from the Board of Aldermen of the town of Marksville, by the following civic clubs of the town of Marksville, each of which shall submit the names of four nominees, at least one of whom shall be a member of a minority group, (1) Chamber of Commerce, (2) Junior Chamber of Commerce, (3) Garden Club, (4) Lions Club, and (5) the American Legion.
 "All subsequent appointments necessary for any reason shall be made from a list of five nominees, furnished by the above named civic clubs, one nominee to be nominated by each. In the event that a minority group is not adequately represented on the board, at least one of the five nominees shall be a member of a minority group."
Because it no longer functions as a civic club of the city of Marksville, if you wish to delete the Junior Chamber of Commerce from Act 33 of 1975 or to substitute another civic club in its place, you will have to go to the legislature to attempt to persuade it to change this statutory law.
[It should be noted here that simply because we do not object or raise the issue, we are not confirming whether any provision quoted is constitutional or unconstitutional under the Louisiana Constitution of 1974. See, for example, Louisiana AssociatedGeneral Contractors v. State, Div. of Admin., Office of StatePurchasing, 95-2105 (La. 3/8/96), 669 So.2d 1185. But compare:Cooper v. Orleans Parish School Bd., 1999-0050 (La.App. 4 Cir. 9/8/99) at p. 5 n. 2, 742 So.2d 55, 59 n. 2.]
In the meantime, until the legislature makes such changes in the law as the city needs, the city must perform its duties under the other provisions of Act 33 of 1975 as best it can, since the Junior Chamber of Commerce, a private organization, is no longer functioning and the particular provision of Act 33 of 1975 that assumes this civic club functions is impossible to comply with and since Act 33 of 1975 was enacted with a severability clause within its own Section 33. See also now La.R.S. 24:175.
Instead of going to the legislature to seek an amendment to a provision in Act 33 of 1975, an alternative solution for the city of Marksville is to adopt a "home rule charter" under La. Const. (1974) art. VI, § 5. That constitutional provisions reads, in pertinent part,
 "Subject to and not inconsistent with this constitution, any local governmental subdivision may draft, adopt, or amend a home rule charter in accordance with this Section.
 "A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution. " (Emphasis added.)
The home rule charter could provide that as long as the city of Marksville did not fall under any general law enacted by the legislature for the establishment and control of municipal civil service boards, the city's governing body would have the power to establish and provide for a civil service board for the city of Marksville. The home rule charter would then supersede thespecial law embodied in Act 33 of 1975, and the city's governing body would then be able to provide a more flexible local ordinance dealing with the matter.
Because the legislative charter establishing the city of Marksville was adopted prior to the War Between the States and, therefore, contains some provisions that are not only unconstitutional but also, according to the U.S. Supreme Court, are no longer even justiciable with respect to attempting to defend legally, the new home rule charter would have the coincidental advantage of updating and modernizing the city's founding document. The commission appointed or elected to prepare the draft of the home rule charter for presentation to the people at a referendum could study several other city's newer home rule charters to arrive at what would be the most workable provisions for the people of Marksville.
Secondly, you specifically ask whether the legislature has provided other laws dealing with municipal civil service boards. Yes, but the legislation is in the form of general laws dealing with municipalities having populations of 7,000 or greater or perhaps some of the legislation is in the form of special laws dealing with a few municipalities with less than 7,000 population. We do not generally maintain possession of such laws as such nor particularly maintain possession of special laws, nor is our office responsible for the maintenance of official copies of laws. You will have to ask the Secretary of State's office for certified copies of the official laws; you might also ask the legislative staff office or the particular municipalities involved for whatever they possess. We will, however, send you, simply for your information, unofficial copies of the civil service board composition provisions of some of the general laws dealing with municipalities having populations of 7,000 or greater and of two special laws dealing with the parish of Rapides and the city of St. Martinville.[1]
Thirdly, you ask for copies of opinions that we may have written on civil service boards of municipalities having less than 7,000 population. We enclose Opinion No. 91-134 and Opinion 92-628.
Fourthly, you want to know if we know of any seminars or meetings of municipal civil service boards associations or groups that your civil service board members could attend to share information among other civil service board members from other municipalities and so on. No, we do not know of any. The attorney general writes his opinions on the law in order to give his legal advice and to render his legal interpretations to certain state officers and departments; that kind of non-legal information will have to be obtained from another source. You might try to contact Melinda B. Livingston, Office of State Examiner, Municipal Fire Police Civil Service, 8550 United Plaza Boulevard, Suite 901, Baton Rouge, Louisiana 70809-2296, Telephone (225) 925-4400.
Finally, you ask to whom does the civil service board of the city of Marksville go for unbiased legal counsel without cost to the board, as the board does not feel comfortable contacting the City Attorney about matters where the city might be adverse to municipal employees. Unless you can obtain the donated services of a private attorney in your area perhaps as pro bono work, the only alternative seems to be to hire a private attorney and put him on some kind of retainer. Thus, to obtain such legal advice will probably not be without cost. If there is more than one attorney in the City Attorney's Office, usually the courts will interpret the Rules of Professional Conduct to allow one attorney to be adverse to the other or to act independently of the other, so long as the particular client's matters are contained solely within the attorney assigned thereto and kept separate and apart from the other attorney.
Trusting that this opinion has adequately answered your request, we are
Yours very truly,
CHARLES C. FOTI, JR.
Attorney General
By __________________________________
THOMAS S. HALLIGAN
Assistant Attorney General
Encl.
[1] You may obtain the other sections of these laws at the legislature's official website, at URL: http://www.legis.state.la.us/ If you look to the far left on this home page, you will see a listing of other links. The fourth one from the bottom up says, "Louisiana Laws." Please click on this hyperlink. From there you will be taken to a page that allows you to browse all laws from a table of contents, search for any particular law, or perform a text search into various groups of laws. If you select (click) the "table of contents" method, when the next page comes up, click on "Revised Statutes," then "Title 33," then start with Section 2391, which is the first section in "Chapter 5" of Title 33. All of Chapter 5 contains the various general laws on municipal civil service boards and civil service.
33:2396. City civil service commission
A. The city civil service commission shall be composed of three electors of the city in which they serve. No member of the commission shall be a candidate for nomination or election to public office or hold any other public office or position of public employment, the office of notary public or a military or naval office excepted, nor shall any member of the commission be or have been, during the period of six months immediately preceding his appointment, a member of any local, state, or national committee of a political party, or an officer or member of a committee of any factional or political club or organization.
B. One member of the commission shall be appointed by the governing body of the city, and, in a municipality of two hundred fifty thousand or over, two members shall be appointed by the governor. The first three members of the commission shall be appointed within thirty days after this Part takes effect in a city under R.S. 33:2391, Sub-section A.
The term of office of each member shall be six years, except the terms of the first three members. These terms shall be two years, three years, and four years, respectively, to be designated at the discretion of the mayor; at the expiration of these respective terms, the governing body of the city shall appoint the successor of the member appointed by it, and, in a municipality having a population of two hundred fifty thousand or more, the governor shall appoint the successors of the members appointed by him.
Each member of the commission shall serve until his successor has been appointed and qualified. Before entering on his duties, a commissioner shall take the oath of office, which shall include a statement of his belief in and desire to support the principles of the merit system.
A member of a commission in existence on the effective date of the Revised Statutes, under Act 171 of 1940, as amended, shall continue to serve until the expiration of the term for which he was appointed.
Any vacancy occurring in the commission shall be filled for the remainder of the term in the same manner as the preceding commissioner was selected and appointed. Within thirty days after the receipt of notice from any person of the occurrence of a vacancy in the commission or of the expiration of the term of a member of the commission, the governing body of the city or the governor, as the case may be, shall appoint the successor. If the governing body of a city fails to appoint one original commissioner or fails to appoint his successor within the time and in the manner herein provided, the governor shall select and appoint the commissioner in a municipality of two hundred fifty thousand or more.
C. A member of the commission shall be removable only for cause by the mayor upon recommendation of a committee composed of the city attorney and presiding or senior district judge, after being given a copy of charges against him and an opportunity to be heard publicly on such charges. A copy of the charges and a transcript of the record of the hearing shall be filed with the Secretary of State.
D. Members of the commission shall each be paid twenty-five dollars for each day devoted to the work of the commission, but not more than two thousand dollars each in any year. They also shall be entitled to reimbursement for necessary traveling and other expenses.
E. The commission annually shall elect one of its members chairman. It shall maintain its principal office in space provided for it by the proper city officials, shall maintain its records at that principal office, and shall hold its regular meetings there. At least one regular meeting shall be held in each month, except in the months of July and August. Special meetings may be held at times and places specified by call of the chairman or mayor. Notice of the time and place of all meetings shall be given in writing to each member by the director. Meetings of the commission shall be open to the public. Two members shall constitute a quorum for the transaction of business. The director shall act as secretary of the commission, and shall keep adequate records and minutes of its business and official actions. The officer charged by law with the custody of the city buildings shall assign suitable office space to the commission for executing the duties charged to it and to the director.
33:2452. Civil service department
A.(1) There shall be a civil service department, which shall receive adequate annual funding for salaries and administrative expenses, office space, furnishings, and equipment in order to effectively carry out the department's function as provided for by the Part. It shall consist of a classified civil service director, who shall be the executive head of the department, and a civil service board, which shall be policymaking and quasi judicial in nature.
(2) The civil service director shall be appointed by the civil service board. The civil service director shall be qualified and experienced in personnel administration and shall be responsible to the civil service board for the administration of the classified parish departments, offices, and agencies in accordance with civil service rules adopted pursuant to this Part.
B. The duties of the civil service director shall include, but shall not be restricted to the following:
(1) To develop and, upon adoption, to administer a position classification plan which shall provide for the classification of all positions on the basis of duties and responsibilities of each position. The classification plan shall be submitted to the civil service board, and it shall become effective upon approval by the civil service board after public hearing.
(2) To develop and, upon adoption, to administer a salary plan for all positions in parish service. Such salary plan shall be submitted to the civil service board, which, after public hearing, shall submit it together with such amendments as it deems necessary, to the police jury.
(3) To prepare civil service rules to carry out the provisions of this Section. These rules shall be submitted to the civil service board which, after public hearing, shall make amendments as it deems necessary. These rules shall become effective upon approval by the civil service board and shall have the full force of law. Such rules shall apply to all parish departments, offices, agencies, and special districts and shall provide for:
(a) Policies and procedures for the administration of the classification plan.
(b) Policies and procedures for the administration of the salary plan.
(c) Policies and methods for holding civil service tests to determine the merit and fitness of candidates for all regular position appointments.
(d) The establishment and maintenance of lists of persons eligible for appointment by reason of successful participation in competitive tests and procedures for the certification of persons from eligible lists for filling vacancies.
(e) The procedure for layoff, suspension, demotion, and dismissal of employees, which shall provide for public hearings before the personnel board in cases of demotion or dismissal of permanent employees.
(f) Hours of work, attendance regulations, leaves of absence with or without pay, working test periods, and temporary appointments.
(g) An actuarially sound retirement system for parish employees which shall take into account any existing system or systems.
(h) Prohibition against political activity of employees and assessment for political purposes.
(i) Other policies, practices, and procedures necessary for the administration of the parish classified civil service system.
C.(1) The civil service board shall be appointed or elected as provided under the provisions of this Subsection and shall consist of five electors of Rapides Parish, who hold no other public office or position in parish government except for the elected employee member, and who have resided within the parish for at least one year. Members of the board shall serve without compensation.
(a) The first members shall be appointed for terms of one, two, three, four, and five years, respectively. The members shall select their terms by lot, except the employee member shall serve the five-year term. Thereafter, appointment shall be for three-year terms, except the employee member shall serve a five-year term.
(b) One member shall be appointed by the police jury from a list of three names submitted by the chancellor of Louisiana State University at Alexandria.
(c) One member shall be appointed by the police jury from a list of three names submitted by the president of Louisiana College.
(d) One member shall be appointed by the police jury from a list of three names submitted by the president of Grambling State University.
(e) One member shall be appointed by the police jury from a list of three names submitted by the Alexandria Bar Association.
(f) One member shall be elected by the Rapides Parish employees covered under this Part, as required by law.
(2) Within sixty days after a vacancy occurs, the nominating authority concerned shall submit the required nominations. Within sixty days thereafter, the police jury shall make the appointment. If the police jury fails to appoint within sixty days, the nominee whose name is first on the list of nominees automatically shall become a member of the board. If one of the nominating authorities fails to submit nominees in the time required, the board of directors of the Louisiana Civil Service League shall make the appointment. If one of the named nominators ceases to exist, the police jury shall choose the president of another accredited college or university within Louisiana to replace the nominator. The outgoing board member shall serve on the board until replaced by the newly appointed member.
D.(1) Whenever the term of a board member expires or there is a vacancy in an unexpired term, the vacancy shall be filled by appointment in accordance with the procedures of the original appointment, and from the same source.
(2) A member of the civil service board may be removed by the police jury for cause, after being served with written specifications of the charges against him and being afforded an opportunity for a public hearing thereon by the police jury.
Acts 1993, No. 387, § 1, eff. June 7, 1993.
33:2476. Municipal fire and police civil service boards
A. A municipal fire and police civil service board is created in the municipal government. The board shall be composed of five members who shall serve without compensation. The board shall have a chairman, vice-chairman, and a secretary. The domicile of the board shall be in the municipality it serves.
B.(1)(a) To be eligible for appointment or to serve as a member of a board, a person shall be a citizen of the United States of America, a resident of the municipality in which he is to serve for at least five years next preceding his appointment, and, at the time of his appointment, shall be a qualified voter of the municipality.
(b) However, with respect to the two members elected from the municipal fire and the municipal police departments, such members shall be residents of the parish in which the municipality they are to serve is located for a period of at least five years preceding their appointment upon adoption of resolution so permitting residence location by the local governing authority.
(2)(a) Any employee, while serving as a member of a board, shall occupy, as a regular employee, a position or office lower than that of chief, assistant chief, district chief, or battalion chief in the fire service; or a position or office lower than that of chief, assistant chief, or major in the police service.
(b) No member of a board shall have been during a period of six months immediately preceding his appointment a member of any local, state, or national committee of a political party or an officer or member of a committee in any factional political club or organization.
(c)(i) No member of a board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal fire or police department which is expressly required by the provisions of this Part.
(ii) However, a member of the Municipal Fire and Police Civil Service Board of the city of Houma may hold a position of public employment if said position of public employment is not with the city of Houma.
C. The first five members of a board shall be appointed by the governing body of the municipality during the ninety-day period immediately following the date that this Part takes effect in a municipality under R.S. 33:2471. The members of the board shall be appointed by the governing body as follows:
(1) One shall be appointed by the governing body upon its own nomination.
(2)(a) Two members shall be appointed from a list of four nominees that shall be furnished, within sixty days after the governing authority makes a request by certified letter for such list, by the executive head of a legally chartered and established four-year institution of higher education located within the municipality; or, if there is no such institution in the municipality, by the executive head of such an institution which is within the state and which is the most geographically proximate to the municipality. However, if only two such four-year institutions of higher education are located within the municipality, the head of each of the two institutions shall furnish a list of two nominees and one member shall be appointed from each such list.
(b) If a list of nominations is not submitted within sixty days after submission of request for such list, such failure shall be considered a failure to perform a ministerial duty required by law of a public official or corporate officer. To this end, the district attorney for the parish in which the institution is located shall provoke the issuance of a writ of mandamus to compel the official or officer to act as provided by law.
(3) Two members shall be appointed who shall be first nominated and elected by and from the regular employees of the fire and police departments as follows:
One member shall be elected and appointed from the fire department, and one member shall be elected and appointed from the police department. The employee-nominee from each department shall be elected by secret ballot of the regular employees of his respective department at an election to be called and held for that purpose by the chief of the department. The chief of each department shall call such an election within forty-five days after this Part takes effect in the municipality by posting, for a fifteen day continuous period immediately preceding the election, a notice thereof on the bulletin board of each station house of his department; and, shall officially notify the governing body of the municipality within the ten day period immediately following the election, the name of the employee-nominee so elected by the regular employees of his department. The chief of the department shall vote in the election only in the case of a tied vote.
D. The term of office for all members of the board shall be for a period of three years, except that the first member appointed by the governing body of a municipality upon its own nomination shall serve for a period of two years; the first employee members nominated and appointed as provided above shall serve a term of one year. Each member shall serve until his successor has been appointed and qualified.
E. Upon the term of office expiring for a member of a board, or because of a vacancy in the office of any member thereof, the governing body of the municipality shall appoint a successor in the same manner as the outgoing member was appointed; and such successive appointment shall be made within ninety days immediately following the expiration or vacancy.
F. Each member shall take the oath of office before entering upon the duties of his office. His oath shall include a statement to uphold the constitution and laws of Louisiana and of the United States; to administer faithfully and impartially the provisions of this Part and the rules adopted under the authority of this Part.
G. Members of such a board serving under Act 102 of 1944, as amended at the time the Revised Statutes take effect shall continue in office until the expiration of the term for which they were appointed.
H. Any member of a board shall be liable to removal from office by judgment of the district court of his domicile for high crimes and misdemeanors in office, incompetency, corruption, favoritism, extortion, oppression in office, gross misconduct, or habitual drunkenness. The district attorney of the district wherein the board member resides may institute such suit, and shall do so upon the written request, specifying the charges, of twenty-five citizens and taxpayers of the municipality of which the board member is a resident. The district attorney shall associate in the diligent prosecution of such suit any attorney selected and employed by the citizens and taxpayers.
I. The governing body of the municipality shall advise, within and not later than the expiration of the ninety day period provided for the appointment of the board members, each appointee of his appointment and term of office as a member of the municipal fire and police civil service board; and, an official record thereof shall be placed in the official minutes of the governing body.
J. The original members of the board shall meet within thirty days after their appointment in their first official meeting; take the oath of office; elect a chairman and vice-chairman; and transact any other business pertinent at that time. The oath of office shall be administered by the city clerk or by any other person having the legal authority to administer it.
K. A chairman and a vice-chairman shall be elected by the members of the board. The term for which either the chairman or vice-chairman shall serve as such, shall run concurrently with that for which he was appointed a member of the board; except the term of either office shall terminate upon death of the incumbent, or his resignation from the office or from the board or his removal from the board.
L.(1) At the discretion of the board, the office of secretary shall be filled in one of the following ways:
(a) By electing one of its members thereto.
(b) By appointing the city clerk, or secretary-treasurer of the municipality to fill such office ex officio.
(c) By employing on a part-time basis any other person and paying a salary not to exceed twelve hundred fifty dollars per month which salary shall be approved by the municipal governing authority.
(2) The board may terminate the term of office of any person serving as its secretary at any time. No person serving as secretary of a board, except a member thereof, shall have the right to vote in its proceedings. The secretary shall attend the meetings of the board; keep a record of its proceedings; attend to correspondence directed to him, and other correspondence ordered by the chairman; perform other functions assigned to him by the board; and cooperate with the state examiner in a manner that will assist the examiner to carry out effectively the duties imposed upon him by this Part or those functions which may be requested of him by the board.
M. The board shall meet at any time after its original meeting upon the call of the chairman, who shall give all members of the board due notice thereof. The chairman of the board shall call, and the members of the board shall attend, one regular meeting of the board within each quarterly period of each calendar year. If a chairman fails or refuses to call such quarterly meeting of his board, the members of the board shall meet upon the written call of any two members mailed ten days in advance of the meeting. Four members of the board shall constitute a quorum, and the concurring votes of any three members comprising the quorum of the board shall be sufficient for the decision of all matters to be decided or transacted by it. Meetings of the boards shall be open to the public.
Amended by Acts 1969, No. 146, § 1; Acts 1975, No. 363, § 1; Acts 1976, No. 69, § 1; Acts 1976, No. 166, § 1; Acts 1977, No. 470, § 1; Acts 1978, No. 184, § 1; Acts 1980, No. 302, § 1; Acts 1981, No. 776, § 1; Acts 1983, No. 473, § 1; Acts 1993, No. 689, § 1; Acts 1997, No. 517, § 1, eff. July 3, 1997; Acts 1997, No. 1326, § 1, eff. July 15, 1997; Acts 1999, No. 454, § 1; Acts 1999, No. 1177, § 1.
33:2536. Fire and police civil service boards
A. A fire and police civil service board is hereby created in the municipal, parish, or fire protection district which shall be composed of five members who shall serve without compensation. This board shall have a chairman, vice-chairman and a secretary. The domicile of the board shall be within the area it serves.
B.(1)(a) To be eligible for appointment or to serve as a member of a board, a person shall be a citizen of the United States of America, a resident of the area for which fire or police protection is provided for at least five years next preceding his appointment, and at the time of his appointment a qualified voter of the area.
(b) However, with respect to the two members elected by and from the fire and the police departments as provided in R.S. 33:2536(C)(3), such members shall have been residents of the parish in which the area they are to serve is located for a period of at least five years preceding their appointment, provided such residence requirement is approved by resolution of the local governing authority.
(2)(a) Any employee, while serving as a member of a board, shall occupy, as a regular employee, a position or office lower than that of chief, assistant chief, district chief, or battalion chief in the fire service; or a position or office lower than that of chief, assistant chief, or major in the police service.
(b) No member of a board shall have been, during a period of six months immediately preceding his appointment, a member of any local, state, or national committee of a political party, or an officer or member of a committee in any factional political club or organization.
(c) No member of a board shall be a candidate for nomination or election to any public office or hold any other public office or position of public employment, except that of notary public, a military or naval official office, or that of a municipal, parish, or fire protection district fire or police department which is expressly required by the provisions of this Part.
C. The first five members of a board shall be appointed by the governing body of the municipality, parish, or fire protection district, as the case may be, during the ninety-day period immediately following the date that this Part takes effect in a municipality, parish, or fire protection district under R.S. 33:2531. The members of the board shall be appointed by the governing body as follows:
(1) One shall be appointed by the governing body upon its own nomination.
(2)(a) Two members shall be appointed from a list of four nominees which shall be furnished, within sixty days after the governing authority makes a request by certified letter for such list, by the executive head of a regularly chartered and established four-year institution of higher education located within the area served; or, if there is no such institution in the area served, by the executive head of such an institution which is within the state and which is the most geographically proximate to the area served.
(b) If a list of nominations is not submitted within sixty days after submission of request for such list, such failure shall be considered a failure to perform a ministerial duty required by law of a public official or corporate officer. To this end, the district attorney for the parish in which the institution is located shall provoke the issuance of a writ of mandamus to compel the official or officer to act as provided by law.
(3) Two members shall be appointed who shall be first nominated and elected by and from the regular employees of the fire and police department as follows: One member shall be elected and appointed from the fire department, and one member shall be elected and appointed from the police department. The employee-nominee from each department shall be elected by secret ballot of the regular employees of his respective department at an election to be called and held for that purpose by the chief of the department. The chief of each department shall call such an election within forty-five days after this Section takes effect in the area affected by posting, for a fifteen day continuous period immediately preceding the election, a notice thereof on the bulletin board of each station house of his department; and, shall officially notify the governing body of the area affected within the ten day period immediately following the election, the name of the employee-nominee so elected by the regular employees of his department. The chief of the department shall vote in the election only in the case of a tie vote.
D. The term of office for all members of the board shall be for a period of three years, except that the first member appointed by the governing body of a municipality, parish or fire protection district upon its own nomination shall serve for a period of two years; the first employee-members nominated and appointed as provided above shall serve a term of one year, and the members appointed as provided in R.S.33:2536(C)(2) shall serve a term of three years. Each member shall serve until his successor has been appointed and qualified.
E. Upon the expiration of the term of office of any member of a board, or whenever a vacancy in the office of any member thereof occurs, the governing body of the municipality, parish or fire protection district, as the case may be, shall appoint a successor in the same manner as the outgoing member was appointed; and such successive appointment shall be made within ninety days after the expiration or vacancy occurs.
F. Each member shall take the oath of office before entering upon the duties of his office. His oath shall include a statement to uphold the constitution and laws of Louisiana and of the United States and to administer faithfully and impartially the provisions of this Part and the rules adopted under the authority of this Part.
G. Members of such a board serving under Act 102 of 1944 or under R.S.33:2471 — 33:2476 at the time this act takes effect shall continue in office until the expiration of the term for which they were appointed.
H. Any member of a board shall be liable to removal from office by judgment of the district court of his domicile for high crimes and misdemeanors in office, incompetency, corruption, favoritism, extortion, oppression in office, gross misconduct, or habitual drunkenness. The district attorney of the district wherein the board member resides may institute such suit, and shall do so upon the written request, specifying the charges, of twenty-five citizens and taxpayers of the municipality, parish or fire protection district, as the case may be, of which the board member is a resident. The district attorney shall associate in the diligent prosecution of such suit any attorney selected and employed by the citizens and taxpayers.
I. The governing body of the municipality, parish or fire protection district shall advise, within the ninety-day period provided for the appointment of the board members, each appointee of his appointment and term of office as a member of the fire and police civil service board, and an official record thereof shall be placed in the official minutes of the governing body.
J. The original members of the board shall meet within thirty days after their appointment in their first official meeting, and at said meeting they shall take the oath of office, elect a chairman and vice-chairman and transact any other necessary business. The oath of office shall be administered by any person having the legal authority to administer oaths.
K. A chairman and vice-chairman shall be elected by the members of the board for terms which shall run concurrently with that for which each was appointed to serve as a member of the board, however, the term of either office shall terminate upon death of the incumbent or upon his resignation from the office or from the board or his removal from the board.
L.(1) At the discretion of the board, the office of the secretary shall be filled in one of the following ways:
(a) By electing one of its members thereto.
(b) By appointing the city clerk, parish treasurer, or secretary of the fire protection district, as the case may be, to fill such office ex officio.
(c) By employing and paying on a part-time basis any other person a salary not to exceed seven hundred fifty dollars per month which salary shall be approved by the municipal governing authority.
(2) The secretary shall serve at the pleasure of the board. No person serving as secretary of a board, except a member thereof, shall have the right to vote in its proceedings. The secretary shall attend all meetings of the board, keep a record of its proceedings, attend to correspondence directed to him and other correspondence ordered by the chairman, perform other functions assigned to him by the board, and cooperate with the state examiner in such manner as will assist the examiner effectively to carry out the duties imposed upon him by this Part or those functions which may be requested of him by the board.
M. The board shall meet at any time after its original meeting upon the call of the chairman, who shall give all members of the board due notice thereof. The chairman of the board shall call, and the members of the board shall attend, one regular meeting of the board within each quarterly period of each calendar year. If a chairman fails or refuses to call such quarterly meeting of his board, the members of the board shall meet upon the written call of any two members mailed ten days in advance of the meeting. Two members of a three-member board and four members of a five-member board shall constitute a quorum, and the concurring votes of a simple majority of members shall be sufficient for the decision of all matters to be decided or transacted by it. Meetings of the board shall be open to the public.
N. In any municipality, parish or fire protection district otherwise amenable to the provisions of this Part where either the fire or police service shall, for any reason, not be subject to this Part, then, and in such event, the board shall be comprised of three members, with only one member to be selected in accordance with the provisions of Sub-section C(2) above and only one member to be nominated by the service remaining, be it fire or police, as is provided in Sub-section C(3) above; all other provisions hereof to remain and be fully effective even though only one of the services, whether it be fire or police, are affected hereby.
Acts 1964, No. 282, § 1. Amended by Acts 1965, No. 146, § 1; Acts 1980, No. 84, § 1; Acts 1984, No. 274, § 1; Acts 1997, No. 516, § 1, eff. July 3, 1997; Acts 1997, No. 524, § 1; Acts 1999, No. 454, § 1; Acts 1999, No. 455, § 1; Acts 1999, No. 1177, § 1.
OPINION NUMBER 92-628
RELEASED SEPTEMBER 17, 1992
71 MUNICIPALITIES 71-1-1 MUNICIPAL FIRE AND POLICE CIVIL SERVICE
Act 282 of the 1964 Regular Legislative Session; Act 164 of the 1984 Regular Legislative Session; R.S. 33:2531, et. seq.; R.S.24:176.
Act 164 of the 1984 Regular Legislative Session remains controlling concerning the police civil service system of the municipality of Mandeville regardless of the population increase of the area.
Mr. Paul K. Daly State Examiner Municipal Fire and Police Civil Service P.O Box 44366 Baton Rouge, LA 70804-4366